FILED
2015 Oct-26  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY CARE, INC. and AFC FRANCHISING, LLC, d/b/a AFC/DOCTORS EXPRESS, )<br>)<br>)<br>)<br>)<br>)<br>Plaintiffs,   )<br>)<br>V.   )<br>)<br>RIGHTTIME, INC.,   )<br>)<br>Defendant.   ) | CV _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs American Family Care, Inc. and AFC Franchising, LLC, d/b/a AFC/Doctors Express (collectively, "AFC"), for their causes of action against Defendant Righttime, Inc., ("Righttime") allege as follows:

### I. INTRODUCTION

This is an action for declaratory judgment and injunctive relief seeking a ruling that AFC's use of the phrase "THE RIGHT CARE. RIGHT NOW." does not violate the federally-registered trademark "RIGHT CARE AT THE RIGHT TIME®," that Defendant Righttime obtained the federal registration for "RIGHT CARE AT THE RIGHT TIME®" improperly and

this mark should be cancelled, and to enjoin Righttime from efforts to preclude AFC's use of "THE RIGHT CARE. RIGHT NOW." in connection with its services in interstate commerce.

## II. JURISDICTION AND VENUE

1. This action is brought pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. The Parties have a justiciable controversy and the Plaintiffs seek a ruling that will terminate the controversy.

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 15 U.S.C § 1115, 28 U.S.C. §§ 1331 and 1338 because it involves potential claims and an actual controversy arising under the Lanham Act. In addition, pursuant to 28 U.S.C. § 1332(a)(1) this Court has jurisdiction over this matter based on diversity of the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000).

3. The Court has specific personal jurisdiction over Righttime in that Righttime sent a cease and desist letter to Plaintiffs regarding the subject matter of this lawsuit and have had numerous other written and verbal communications with undersigned counsel regarding same. In addition, if Plaintiffs are forced to stop using "THE RIGHT CARE. RIGHT NOW.," it

would entangle many other non-infringing signage, advertisements, marketing pieces and website materials used in this forum.

    4.    Venue is proper in this action pursuant to 28 U.S.C. § 1391 in that the Plaintiffs' principal place of business is located in Birmingham, Jefferson County, Alabama, and Plaintiffs' alleged acts of infringement of Defendant's registered mark were committed in the Northern District of Alabama, Southern Division, within the jurisdiction of this Court.

### III. PARTIES

    5.    Plaintiff American Family Care, Inc. is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 3700 Cahaba Beach Road, Birmingham, AL 35242.

    6.    Plaintiff AFC Franchising, LLC d/b/a AFC/Doctors Express is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business located at 3700 Cahaba Beach Road, Birmingham, AL 35242.  None of the members of AFC Franchising, LLC d/b/a AFC/Doctors Express is a citizen of Maryland.

    7.    Defendant Righttime, Inc. is a corporation organized and existing under the laws of the State of Maryland, having an office and place of business at 2772 Rutland Rd., Davidsonville, MD 21035.  Righttime can

be served with process by serving its registered agent Robert G. Graw, Jr, 2772 Rutland Rd., Davidsonville, MD 21035.

## IV. FACTS

8. AFC is a national network of medical clinics providing family care, urgent care, occupational care and outpatient services to its patients. AFC has used the phrase "THE RIGHT CARE. RIGHT NOW." (the "Phrase") extensively in connection with its services and in interstate commerce since 2008.

7. Use of the Phrase by AFC is merely descriptive and/or informational of AFC's services. AFC only uses the Phrase in conjunction with its primary trade names/service marks "AMERICAN FAMILY CARE®" and "AFC®." A true and correct copy of each Certificate of Registration is attached hereto as Exhibits "A" and "B" respectively. AFC's use of the Phrase in conjunction with its primary trade names/service marks is as shown on Exhibit "C."

8. Righttime is the owner of U.S. Trademark Registration No. 3,490,520 for the mark "RIGHT CARE AT THE RIGHT TIME®" for "medical services." A true and correct copy of Righttime's Certificate of Registration is attached hereto as Exhibit "D."

9. On or about November 11, 2014, Righttime sent AFC a Cease and Desist Letter ("C&D") requesting that AFC refrain from any further use of the Phrase. A true and correct copy of the C&D is attached hereto as Exhibit "E." The C&D was sent to AFC's former corporate office located in Jefferson County at 2147 Riverchase Office Road, Birmingham, AL 35244.

10. AFC responded to Righttime's C&D, pointing out that the trademark did not give Righttime exclusive use of this, or similar, descriptive and/or informational phrase and that AFC's use of a similar phrase was not an infringement of this mark. A true and correct copy of AFC's response is attached hereto as Exhibit "F." Since these original communications, undersigned counsel has communicated verbally and in writing with Righttime's attorney, Clay P. Hughes, on several occasions. Each of these communications occurred while undersigned counsel was in Birmingham, AL.

11. Righttime continues to insist that AFC cease any use of the Phrase and has threatened litigation to permanently end AFC's use of the Phrase, which would be to AFC's detriment.

## V. DECLARATORY JUDGMENT

12. The Declaratory Judgment Act, 28 U.S.C. §§ 2201- 2202, states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). As shown above and under controlling authority, the Parties to this action have an actual and justiciable controversy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *Surefoot LC v. Sure Foot Corporation*, 531 F. 3d 1236 (10th Cir. 2008).

### a.) Fair Use

13. The Lanham Act provides that an accused will not be liable for infringement if "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods and services of such party." See 15 U.S.C. § 1115(b)(4). Righttime is claiming exclusive use over the descriptive phrase "RIGHT CARE AT THE RIGHT TIME." In AFC's advertisements and use of the alleged infringing

mark, the phrase "THE RIGHT CARE. RIGHT NOW." is unquestionably used "otherwise than as a mark" and "in good faith only to describe" AFC's services.

### b.)   No Infringement

14.   There exists in interstate commerce extensive third party use of the phrases "THE RIGHT CARE. RIGHT NOW." and "RIGHT CARE AT THE RIGHT TIME." AFC's use of the Phrase in its advertisements and marketing is unlikely to cause confusion with respect to Righttime, any of its outlets, services and/or business.  Consumers are not likely to, and do not, associate the descriptive terminology "RIGHT CARE AT THE RIGHT TIME." with a single source or business, including Righttime.

15.   Because the Phrase is only used in conjunction with AFC'S use of its "AMERICAN FAMILY CARE" and "AFC" marks, it does not leave doubt in consumers' minds as to the source of the advertising in question and the services offered in its advertising.  Further, the Phrase is used on almost all of AFC's signage, advertisements, marketing pieces and website materials along with other trade names and service marks owned by AFC. Any Order preventing AFC's continued use of the phrase would cause

significant financial harm and entangle many of AFC's other non-infringing products and services.

16. Over many years of overlapping use, there is no evidence of actual confusion or that a single consumer has ever confused AFC with Righttime, its outlets, services and/or business. AFC's actions will not lead the public to conclude, incorrectly, that its services originate with or are authorized by Righttime in such manner as to cause damage to either Righttime or the public.

c.) "In commerce"

17. To obtain federal registration of a trademark or service mark, the applicant must be using the mark "in commerce." 15 U.S.C § 1127. In the context of a service mark, the applicant must render services associated with the mark in more than one state to be considered using the mark "in commerce." *Id.*

18. Righttime claims it first used the trademark "RIGHT CARE AT THE RIGHT TIME" in commerce on January 00, 2004. See Exhibit "D." However, in January of 2004, Righttime only had locations in Maryland and was not rendering its services associated with the mark in other states.

19. As a result, Righttime was not using the mark "in commerce." Pursuant to 15 U.S.C. § 1115(b)(1), Righttime, should not have received registration for the trademark "RIGHT CARE AT THE RIGHT TIME" and U.S. Trademark Registration No. 3,490,520 should be cancelled.

### RELIEF REQUESTED

AFC requests that this Court:

20. Enter a judgment declaring that AFC's use of the Phrase in interstate commerce in conjunction with its federally-registered marks as described above does not constitute a trademark infringement under 15 U.S.C. § 1114(1) in that it is unlikely to cause consumer confusion, mistake, or deception.

21. Enter a judgment declaring that AFC's use of the Phrase in interstate commerce in conjunction with its federally-registered marks as described above does not constitute federal unfair competition and thus does not violate 15 U.S.C. § 1125(a).

22. Enter a judgment cancelling U.S. Trademark Registration No. 3,490,520.

23. Enter a judgment permanently enjoining and restraining Righttime and each of its agents, employees, officers, attorneys, successors,

assigns, affiliates and any persons in privity or active concert or participation with any of them from interfering with AFC's use of the Phrase in interstate commerce in conjunction with its federally-registered marks as described above.

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this case.

Respectfully submitted this the 23rd day of October, 2015.

/s/ Michael J. Douglas
Michael J. Douglas ASB-2888-C52
/s/ Joe L. Leak
Joe L. Leak ASB-5124-A63J
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: mdouglas@leakdouglas.com
Email: jleak@leakdouglas.com

*Attorneys for Plaintiffs*

SERVE THE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

Righttime, Inc.
c/o Robert G. Graw, Jr
2772 Rutland Rd.
Davidsonville, MD 21035