FILED
 2016 Apr-14 PM 04:11
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN FAMILY CARE, INC.** and **AFC FRANCHISING, LLC d/b/a AFC/DOCTORS EXPRESS,** | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:15-cv-01873-JEO |
| **RIGHTTIME, INC.,** | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action, plaintiffs American Family Care, Inc. ("American Family Care") and AFC Franchising, LLC d/b/a AFC/Doctors Express ("AFC Franchising") seek a declaratory judgment that their use of the marketing phrase "THE RIGHT CARE. RIGHT NOW." does not violate the trademark "RIGHT CARE AT THE RIGHT TIME" owned by defendant Righttime, Inc. ("Righttime"). Righttime has moved the court to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the action to the United States District Court for the District of Maryland. (Doc.[1] 6). For the reasons discussed

---

[1] References to "Doc. __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

below, the court concludes that it lacks personal jurisdiction over Righttime and that this action is due to be dismissed without prejudice.[2]

## I.  BACKGROUND

Righttime is a Maryland corporation and the owner of the trademark "RIGHT CARE AT THE RIGHT TIME" for medical services.  (Complaint ¶¶ 7, 8; Declaration of Robert G. Graw, Jr. ("Graw Decl.") ¶¶ 3, 5).[3]  Righttime has no business operations or employees in Alabama, does not provide services in Alabama, and does not bill any insurers located in Alabama.  (Graw Decl. ¶ 4; Second Declaration of Robert G. Graw, Jr. ("Second Graw Decl.") ¶ 4).[4]

American Family Care is an Alabama corporation and AFC Franchising is an Alabama limited liability company.  (Complaint ¶¶ 5, 6).  American Family Care and AFC Franchising (collectively, "AFC") operate a national network of medical clinics.  (Complaint ¶ 8).  There are three AFC franchises in Maryland.  (Declaration of Randy Johansen ("Johansen Decl.") ¶ 4).[5]  AFC has used the marketing phrase "THE RIGHT CARE. RIGHT NOW." since 2008.  (Complaint ¶ 8).

---

[2] The parties have consented to magistrate judge jurisdiction.  (Doc. 18).

[3] The complaint, which is located at Doc. 1, has two paragraphs 7 and two paragraphs 8.  The Declaration of Robert G. Graw, Jr. is located at Doc. 6-1.

[4] The Second Declaration of Robert G. Graw, Jr. is located at Doc. 20-1.

[5] The Declaration of Randy Johansen is located at Doc. 19-4.

In November 2014, Righttime sent a letter to AFC's office in Alabama, advising AFC that Righttime was the owner of the trademark "THE RIGHT CARE AT THE RIGHT TIME" and asserting that AFC's use of the phrase "THE RIGHT CARE. RIGHT NOW." conflicted with Righttime's trademark. Righttime requested AFC to refrain from further use of the phrase "THE RIGHT CARE. RIGHT NOW." (Complaint ¶ 9; Doc. 1-5).

AFC, through its Alabama counsel, responded to Righttime's letter in December 2014. In its letter response, AFC asserted that it was not infringing on Righttime's trademark and advised Righttime that it was prepared to "vigorously defend itself and take all necessary measures to do so." (Complaint ¶ 10; Doc. 1-6).

In February 2015, Righttime's counsel responded by letter to AFC's counsel, again requesting AFC to cease and desist from any further use of the phrase "THE RIGHT CARE. RIGHT NOW." (Doc. 19-3 at 13-14). Over the next several months the parties' attorneys communicated by telephone and by email in an effort to settle the parties' dispute, but ultimately their efforts were unsuccessful. (Complaint ¶¶ 10-11; Doc. 19-3 at 16-20). AFC then filed this declaratory judgment action against Righttime.

## II.  STANDARD OF REVIEW

Righttime, a nonresident defendant, has moved the court to dismiss this action for lack of personal jurisdiction over Righttime.[6]  (Doc. 6).  As the plaintiff, AFC bears the burden of establishing a prima facie case of personal jurisdiction over Righttime.  *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010).  "When the issue of personal jurisdiction is decided on the evidence, but without a discretionary hearing, a plaintiff demonstrates a 'prima facie case of personal jurisdiction' by submitting evidence sufficient to defeat a motion [for judgment as a matter of law] made pursuant to Rule 50(a) of the Federal Rules of Civil Procedure."  *Giraldo v. Drummond Co., Inc.*, 2012 WL 2358306, *1 (N.D. Ala. June 20, 2012).  Where the evidence conflicts, the court construes all reasonable inferences in favor of the plaintiff.  *Id.*; *see PVC Windoors,* 598 F.3d at 810 (" '[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff.' " (citation omitted)).  If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must find that jurisdiction exists.  *PVC Windoors*, 598 F.3d at 810.

---

[6] In the alternative, Righttime has moved the court to transfer this action to the United States District Court for the District of Maryland.  (Doc. 6).  Because the court has determined that Righttime's motion to dismiss is due to be granted for the reasons discussed below, the court will pretermit any discussion of Righttime's alternative motion to transfer.

4

## III.  ANALYSIS

A.  **Specific Personal Jurisdiction**

In its complaint, AFC alleges that this court has specific personal jurisdiction over Righttime.  (Complaint ¶ 3).  Specific jurisdiction "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint."  *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).  AFC asserts that the court has specific personal jurisdiction over Righttime because "Righttime sent a cease and desist letter to [AFC] regarding the subject matter of this lawsuit and [has] had numerous other written and verbal communications" with AFC's Alabama counsel regarding the same.  (Complaint ¶ 3).  Righttime, in contrast, insists that such activities do not subject it to specific personal jurisdiction in this district.

> As District Judge R. David Proctor has explained:
>
> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir. 1990); *see also Alexander Proudfoot Co. World Headquarters L.P. v. Thayer,* 877 F.2d 912, 919 (11th Cir. 1989). First, the jurisdictional question under the state long-arm statute is considered. *See Cable/Home Communication Corp.,* 902 F.2d at 855; *see also Alexander Proudfoot Co.,* 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, that is, minimum contacts with the forum, the next determination to be made is whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316,

> 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)); *see also Cable/Home Communication Corp.,* 902 F.2d at 855; *Alexander Proudfoot Co.,* 877 F.2d at 919.

*Giraldo*, 2012 WL 2358306 at *3. Here, Alabama's long-arm statute authorizes the assertion of personal jurisdiction to the extent it is "not inconsistent with the constitution of this state or the Constitution of the United States." ALA. R. CIV. P. 4.2(b). This provision "extends the jurisdiction of [Alabama's] courts to the permissible limits of due process." *Martin v. Robbins*, 628 So. 2d 614, 617 (Ala. 1993) (citing former ALA. R. CIV. P. 4.2(a)(2)(i)). The decisive issue, therefore, is whether Righttime has sufficient minimum contacts with Alabama to satisfy the requirements of due process.

To constitute minimum contacts for purposes of specific personal jurisdiction, Righttime's contacts with Alabama must satisfy three criteria. *See SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). First, the contacts must be related to AFC's cause of action or have given rise to it. *Id.* Second, the contacts must involve some act by which Righttime purposefully availed itself of the privilege of conducting activities within Alabama, thus invoking the benefits and protections of its laws. *Id.* Third, the contacts must be such that Righttime should have reasonably anticipated being haled into court in Alabama. *Id.*

As noted above, Righttime's contacts with Alabama consist of an initial cease-and-desist letter sent to AFC's office in Alabama followed by subsequent

written and telephonic communications with AFC's Alabama counsel, all related to Righttime's assertion that AFC's use of the marketing phrase "THE RIGHT CARE. RIGHT NOW." infringes on Righttime's "RIGHT CARE AT THE RIGHT TIME" trademark. Nowhere in Righttime's motion to dismiss does Righttime dispute that these contacts relate to AFC's cause of action. However, Righttime argues that its contacts do not demonstrate "purposeful availment of the benefits of Alabama law" such that it is subject to personal jurisdiction here. (Doc. 6 at 6). Righttime argues that its "communications directed to AFC in Alabama were made with the intent to stop AFC from infringing [its] trademark rights, not to start a relationship with AFC or Alabama." (*Id.* (underlining in original)).

In support of its argument, Righttime cites a number of federal court decisions holding that cease-and-desist letters alone are insufficient to establish personal jurisdiction over nonresident defendants seeking to enforce trademark or patent rights. *See Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) ("the fact that Chevron sent Kehm a cease and desist letter does not rise to the level of purposeful availment for purposes of jurisdiction in Pennsylvania, since the letter expresses the goal *not* to do business in Pennsylvania"); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008) (" 'A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be there of suspected infringement.' " (quoting *Red Wing Shoe Co.*

*v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)); *Music Makers Holdings, LLC v. Sarro*, 2010 WL 2807805, *6 (D. Md. July 15, 2010) ("Consistent with the overwhelming weight of the case law, the Court concludes that cease-and-desist letters alone are not sufficient to invoke specific personal jurisdiction in an action for trademark infringement."); *see also Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) ("[M]ere threats of infringement are not sufficient to satisfy due process requirements when exercising jurisdiction over an out-of-state patentee. … Rather, 'other activities' distinct from threats of infringement are required for a patentee to be subject to personal jurisdiction in the forum."); *Sportschannel New England Ltd. P'ship v. Fancaster, Inc.*, 2010 WL 3895177, *9 (D. Mass. Oct. 1, 2010) ("the mailing (or emailing) of 'cease and desist' letters … alone cannot constitute purposeful availment under due process.").[7]

Tellingly, AFC's opposition to Righttime's motion to dismiss does not mention, much less attempt to distinguish, any of the cases cited by Righttime. Instead, AFC argues that "in *tort cases*, the 'purposeful availment' prong [of the minimum contacts analysis] may be satisfied if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." (Doc. 19 at 7

---

[7] *Cf. Virgin Health Corp. v. Virgin Enter. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010) (holding that the defendant's act of sending a cease-and-desist letter into Florida, by itself, did not mean that the defendant was doing business in Florida for purposes of Florida's long-arm statute).

(emphasis supplied)).  In support of its argument, AFC cites *Trinetics Int'l v. DHL Air & Ocean Gen. Transp.*, 2013 WL 24067 (N.D. Ala. Jan. 2, 2013).  In *Trinetics*, District Judge Lynwood Smith determined that a foreign defendant that had guaranteed and promised to pay a debt owed to an Alabama corporation was subject to specific personal jurisdiction in Alabama in a suit alleging promissory fraud.  *Id.*  Here, in contrast, there is no allegation that Righttime has committed fraud or any other tort against AFC, whether in Alabama or elsewhere.  Indeed, AFC concedes in its opposition that its lawsuit "is not one for intentional tort" and that the gravamen of the parties' dispute is whether AFC is infringing upon Righttime's trademark.  (Doc. 19 at 8).

In line with the "overwhelming weight of the case law," the court finds that Righttime's contacts with Alabama are insufficient to subject it to specific personal jurisdiction in this forum.  As AFC alleges in its complaint and opposition, and as the evidence bears out, Righttime's contacts with Alabama consist of a cease-and-desist letter to AFC and follow-up communications with AFC's counsel.  In this regard, the court notes that the communications with AFC's counsel reflect the parties' joint efforts to settle their trademark disagreement.  (*See* Doc. 19-3 at 16-20).  The court also notes that it was AFC, not Righttime, that promised to "vigorously defend itself and take all necessary measures to do so."  (Doc. 1-6).  There is no evidence that Righttime ever indicated an intent to avail itself of the

Alabama judicial system or the benefits and protections of Alabama law, and no evidence that it ever did so.[8] Accordingly, the court concludes that this action is due to be dismissed without prejudice for lack of personal jurisdiction over Righttime.

**B.     AFC's Request for Limited Discovery**

In its opposition to Righttime's motion to dismiss, AFC requests, in the alternative, that it be allowed to conduct limited discovery on the issue of personal jurisdiction over Righttime. (Doc. 19 at 9-10). As AFC acknowledges, whether to allow discovery is discretionary with the court. *See Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824, 830 (11th Cir. 2012). After careful consideration of AFC's request, the court finds that the request is due to be denied.

Righttime's Chief Executive Officer, Robert G. Graw, Jr., has submitted two declarations in support of Righttime's motion to dismiss. In both declarations, Graw states that Righttime has no business operations or employees in Alabama and does not provide services in Alabama. (Graw Decl. ¶ 4; Second Graw Decl. ¶ 6). AFC does not challenge this evidence, and it concedes that it is unaware of any facts that would give rise to general jurisdiction over Righttime in Alabama. (Doc. 19 at 2 n.1). AFC argues, however, that "it is reasonable to infer that [Righttime]

---

[8] Because the court has determined that Righttime's contacts with Alabama do not satisfy the "purposeful availment" prong of the minimum contacts analysis, the court need not determine whether Righttime should have reasonably anticipated being haled into court here.

may have continuous and systematic contacts with Alabama residents seeking urgent care at its facilities, and by routinely directing its billing to Alabama for services rendered to Blue Cross Blue Shield of Alabama insureds." (*Id.*) Graw has refuted these inferences, which, whether reasonable or not, are not evidence. In his second declaration, Graw states that to the best of his knowledge and upon reasonable investigation, "Righttime has never provided services to a citizen of Alabama at any Righttime facility." (Second Graw Decl. ¶ 5). He also states that "Righttime does not bill and has not billed any insurer located in Alabama." (*Id.* ¶ 4). Based on these declarations, the court sees no point in allowing even limited discovery on these issues.

Moreover, even if AFC's speculation about Righttime's contacts with Alabama residents and billings to Alabama insurers were true, the court is satisfied that such contacts would not give rise to personal jurisdiction over Righttime. Establishing personal jurisdiction over a corporation based on its contacts with the forum state unrelated to the underlying cause of action (i.e. general personal jurisdiction) requires that the corporation's affiliations with the state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). A corporation is subject to general jurisdiction in the forum where it is incorporated

and in the forum where it has its principal place of business, and general jurisdiction in any other forum is appropriate only in an "exceptional case." *Id.* at 760-61, n.19.  Even if the evidence obtained through discovery were to establish that Righttime regularly provides treatment to Alabama residents at its facilities outside of Alabama and that Righttime routinely directs billing to insurers in Alabama—which would be in direct contradiction to Graw's declarations—such evidence would not render Righttime "essentially at home" in Alabama so as to subject it to general personal jurisdiction in this forum.  Again, the court finds no justification for allowing AFC to conduct even limited jurisdictional discovery.

## IV.  CONCLUSION

For the foregoing reasons, Righttime's' motion to dismiss (doc. 6) is due to be granted; Righttime's alternative motion to transfer is moot; and AFC's motion for limited discovery on personal jurisdiction (doc. 19) is due to be denied.  An order consistent with this opinion will be entered.

**DONE**, this the 14th day of April, 2016.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge